# Hooper, Adm'r *v.* Smith T. *et al.*

57 557
93 449

*Bill in Equity to Remove Administration of Estate from the Probate to the Chancery Court, and for a settlement and Distribution.*

1. *Administration pending more than eighteen months; right of distributees to settlement; defensive matter.*—After administration has been pending more than eighteen months, it is, *prima facie*, the right of distributees to call the personal representative to a settlement, and if there are special reasons why this should not be done, this is defensive matter, to be shown by the administrator.

2. *Proceeding for settlement; removal of administration into chancery.* At any time before proceedings are commenced in the Probate Court for final

[Hooper, Adm'r v. Smith T. et al.]

\settlement, distributees may, without showing any special cause, compel a
,settlement in chancery, and to that end may have the administration removed
into the latter court.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

Bill was filed in this cause by the heirs and distributees of one John Smith, also known by the name of John Smith T., against Geo. W. Hooper, administrator of the estate of said Smith T., praying "that the further consideration of said estate be removed from the Probate Court of Lee county into this (the Chancery) Court, and that it be referred to the master, to ascertain and report the true state of the account between said administrator and said estate, and on final hearing, to direct a settlement of said administration, and to enforce from the administrator, and the sureties on his bond as such, payment to orators of their distributive shares in said estate," and for general relief. The case was submitted on demurrer to the original bill, which the court overruled. The decree overruling the demurrer is now assigned as error.

From the view taken by the Supreme Court—deciding the case solely upon general principles—it becomes unimportant to state the facts.

G. D. & G. W. HOOPER, for appellant.—1. At an early day, as a matter of sound policy, this court was inclined to confine heirs and distributees to the orphan's court, when the powers of that court were adequate.—*Singleton v. Gale,* 1 Stew. 572, cited in *Gould v. Hays,* 19 Ala. 550 ; see, also, Story's Eq. Juris. 543.

2. The jurisdiction of the Probate Court, in the administration of this estate, having attached, the Chancery Court will not disturb it unless some cause is shown.—*Moore v. Lesner,* 33 Ala. 237 ; *Horton v. Moseley,* 17 Ala. 796.

J. M. CHILTON and W. P. PINCKARD, *contra.*—1. After the expiration of eighteen months from grant of letters, a distributee may sue in equity for the recovery of his distributive share, without assigning any special grounds for equitable interference ; *provided,* no steps have been taken in the Probate Court for a final settlement.—*Leavens v. Butler et al.* 8 Port. 381; *Harrison v. Harrison,* 9 Ala. 478; *Pearson v. Darrington,* 18 *ib.* 348 ; *Gould v. Hays,* 19 *ib.* 448 ; *Moore v. Lesner and Wife,* 33 *ib.* 237.

2. On a bill of the kind, the whole administration will

be settled and distribution enforced.—*Blakey, Adm'r v. Bla-key's Heirs,* 9 Ala. 394, and authorities *supra.*

3.　The fact that debts exist against the estate, is no reason why a settlement should be postponed.—*Harrison v. Harrison,* 9 Ala. 477.

4.　To entitle a distributee to maintain such a bill, it is not necessary that the estate should be in a condition for *immediate* settlement.—17 Ala. 59.　The Chancery Court may, in the exercise of its original jurisdiction, administer the estate, and then enforce administration.—Authorities *supra*; 1 Brick. p. 647, § 120.

5.　But if it were necessary that the estate should be ready for immediate settlement, the presumption would be, after the expiration of eighteen months, that it was ready.

6.　To say nothing of such a presumption, the bill discloses that there is no reason why settlement should not be made.　It shows that the administrator had been in possession of the assets for years, and that the complainants have been paid nothing, &c.

7.　The distributees have a right, by their bill, to surcharge and falsify the annual settlements made by the administrator in the Probate Court.　The presumption is, that the annual settlements are correct, and the administrator can not, certainly, be injured by the presumption.　The presumption exists as well after the administration has been transferred to the Chancery Court, as when it was pending in the Probate Court.　The settlements are open, of course, to explanation.　The right of the administrator to show mistakes, after the transfer to the Chancery Court was expressly recognized in *Cherry & Bell v. Belcher,* 5 Stew. & P. 133; and the distributees should have equal right.

STONE, J.—1. After administration has been pending more than eighteen months, it is *prima facie* the right of distributees to call the personal representative to a settlement. If there be special reasons why settlement and distribution should not then be made, this is a defensive matter, the duty of showing which rests with the administrator.—Code of 1876, § 2528; *Chighizoa v. LeBarron,* 21 Ala. 406.

2.　Before proceedings are instituted in the court of probate, looking to a settlement, distributees of the estate, without showing any special reason therefor, may file a bill in the Chancery Court against the administrator and his sureties, to have settlement made in the Chancery Court; and, to this end, may have the administration transferred to

such last-mentioned court.—*Harrison v. Harrison*, 9 Ala. 470, 479; *Pearson v. Darrington*, 18 Ala. 348; *Gould v. Hays*, 19 Ala. 438; *Stewart v. Stewart*, 31 Ala. 207; *Sellers v. Sellers*, 35 Ala. 235; *McNeill v. McNeill*, 36 Ala. 109; 1 Brick. Dig. 647, § 120.

There is no error in the record, and the decree of the chancellor, overruling the demurrer to the bill, is affirmed.