[Vincent, Adm'r, v. Daniel et al.]

# Vincent, Adm'r *v.* Daniel *et al.*

### Settlement of an Administrator's Accounts.

1. *A delinquent administrator should be compelled by the court to settle his accounts.*—When it appears from the records that an executor or administrator is delinquent, it is the duty of the Court of Probate to compel a settlement of his accounts.

2. *A party complaining should show an interest in the estate.*—If the court proceeds on the application of a party complaining, it should distinctly appear that he has an interest and cause of complaint, and is not a mere intermeddler in the affairs of other people.

3. *An administrator failing to appear after citation, is in contempt.*—An executor or administrator who, being cited to make a settlement of his accounts, fails to appear, stands in contempt; and the court may proceed against him by attachment, or may state an account against him. But such an executor or administrator has the right to a vacation of the proceedings by paying the costs of them, and filing his accounts and vouchers for a settlement. ·

APPEAL from the Court of Probate of Cherokee.

Tried before the Hon. JAMES L. LEATH.

On the 21st day of April, 1875, D. C. Daniel filed a petition in the Court of Probate of Cherokee county, and stated therein that he was interested in the estate of Wiley Vincent, deceased; that Hugh Vincent was appointed administrator of the estate on the third day of November, 1868, and was still its administrator; that the estate was solvent; and that more than eighteen months had elapsed since the grant of letters of administration; and concluded with a prayer that an order be made requiring "Hugh Vincent, as administrator aforesaid, to make a settlement of the said estate." The order was granted. By it, Hugh Vincent was required to file his account and vouchers for a settlement on the 12th day of May, 1875. On that day, he appeared and filed a written statement, duly sworn to, in which he admitted he was the administrator of the estate of Wiley Vincent, and denied that the said Wiley Vincent left any estate, and prayed that the statement should be allowed as a settlement. It was ordered to be filed by the court, and the 16th day of June, 1875, was·appointed for "the hearing and passing upon said instrument." The case was continued from time to time until the 23d day of November, 1875, when the said Vincent asked leave to withdraw the written statement heretofore filed by him. His motion was granted upon the pay-

ment of all the costs incurred, for which an execution was ordered to be issued. The cause was then continued from month to month till the 15th day of June, 1876. On the first day of June, 1876, one James H. Savage filed, in the said Court of Probate, a petition, asserting that he was interested in the said estate, and joining " in the application heretofore made for its final settlement."

On the 15th day of June, 1876, Hugh Vincent appeared in court and " refused to file any account as required by the mandate of the court." Thereupon the court proceeded to state the account of the said Hugh Vincent. After the examination of the account, and " evidence relating thereto," the court made the following decree: " Whereupon it appears, and is shown, that the said administrator has received of the assets the sum of six hundred and twenty-nine 26-100 dollars, and that he is entitled to credit for moneys due the Probate Court, fees and printer's fees, &c., the sum of twenty-six 30-100 dollars, and nineteen 40-100 dollars due probate fees to Bradford, being forty-five 70-100 dollars, leaving a balance due the heirs of the said estate the sum of five hundred and eighty-three 56-100 dollars for distribution among those entitled. It is ordered, adjudged and decreed by the court that the account, as above stated, be and is hereby in all things passed and confirmed, as above stated.

" And it further appearing to the court that D. C. Daniel, as transferee, is entitled as such transferee to one hundred and thirty-two 63-100 dollars, it being ten-elevenths of one share. And that J. H. Savage, as transferee of David Vincent, Jr., one-fourth of the whole amount, and that the heirs of David Tucker are entitled to one-fourth of one-fourth, and each as follows:

" To David Vincent, Jr., the Court decrees the sum of one hundred and forty-five 89-100 dollars, his full distributive share of the said estate of the said Vincent, for which let execution issue for Savage; to Hugh Vincent, this administrator by right of his wife, the court decrees the sum of one hundred and forty-five 89-100 dollars, being their full distributive share of said estate, for which let execution issue; to Malinda Darby and her husband, Wiley Darby, the court decrees the sum of one hundred and forty-five 89-100 dollars, being their full distributive share of said estate, for which let execution issue; to the Tucker heirs, or to ten of them, the court decrees the sum of one hundred and thirty-two 63-100 dollars, it being ten-elevenths of one share in full of their distributive share, for the benefit of D. C. Daniel, as

[Vincent, Adm'r, v. Daniel et al.]

transferee, for which let execution issue; to L. L. Cochran, guardian *ad litem* for Tucker minors, the court decrees the sum of thirteen 26-100 dollars, it being the full distributive share of said minor, for which let execution issue; for use of officers of court, the court decrees the sum of forty-five 70-100 dollars, for which let execution issue. It is further ordered that the account, as stated, be filed and recorded."

On the 28th of April, 1876, the court appointed " L. L. Cochran to be guardian *ad litem* for George, Susan, Samuel and Louisa Tucker, minors, heirs of the estate of David Vincent, deceased," and he accepted the appointment in writing.

WATTS & SONS, for appellant.—1. In this case, the court issued no citation after stating the account, but proceeded to render a final decree at once. This was a clear violation of the statute.—Revised Code, §§ 2153, 2154; 6 Ala. 218.

2. No decree could legally have been rendered by the Probate Court in favor of the distributees, without setting forth their names, and consequently the decree in favor of the Tucker heirs, or ten of them, for the benefit of D. C. Daniel, was wrong.—5 Ala. 280; 22 Ala. 673.

3. D. C. Daniel became the transferee of ten-elevenths of one share. A decree was rendered in favor of ten of the Tucker heirs, without naming them, for the use of Daniel. This was error.—20 Ala. 777; 35 Ala. 105. And the decree in favor of the guardian *ad litem* was error.

4. The decree in favor of Darby and wife was wrong.

5. J. H. Savage became entitled to the share of David Vincent, Jr., and yet a decree is rendered in favor of David Vincent. When there has been a transfer of the whole share, the decree should be rendered in the name of the transferee. 35 Ala. 105; 11 Ala. 143; 8 Ala. 552, and 20 Ala. 777.

6. The court should have ascertained the distributees of the estate of Wiley Vincent. This was not done. The application to compel a settlement of the estate was not made in the name of any distributee thereof. It was not shown how the Tucker heirs were entitled to any decree.

7. There was no authority for rendering a decree in favor of the officers of the court.

CARDON & DANIEL, for appellee.

BRICKELL, C. J.—The statutes with clearness and precision prescribe the method of compelling a negligent or refractory executor or administrator to a settlement of his

administration, and there is no difficulty in pursuing it. If pursued, the judge of probate by a simple recital of the facts on the record will sustain the regularity of the proceedings. The court may *ex mero motu*, and it is indeed its duty to proceed to compel such settlement, when from its records, it appears there is a delinquent executor or administrator. If it proceeds on the application of a party complaining, it should appear he has cause of complaint—that he is not a mere interloper, *putting his fingers in other people's messes*. These proceedings seem to have been commenced on the application of Daniel, stating only that he was *interested in the estate;* but how he had an interest, or how acquired, or any fact showing his interest is not stated. The court should not on such an application have made any order, or issued any process. This is however a mere irregularity, not important as the case now stands and we refer to it, for no other purpose than to remind judges of probate, of the necessity and importance of not entertaining such applications unless they distinctly disclose the nature and character of the interest of the party making them. Daniel doubtless has an interest in the estate, which would authorize him to invoke the compulsory process of the court of probate, against the appellant, and it was due to any orderly proceeding in a court of record, that it should have been distinctly stated.—*Spence v. Savery*, 25 Ala. 723.

The mode of proceeding which the statutes authorize, is a citation to the executor or administrator, who is in default to appear and file his accounts and vouchers, and make settlement. If he fails to obey the citation, he stands in contempt, and the court may proceed against him by attachment, or·may proceed to state an account against him. The latter, is the course pursued in the present case, and having been pursued, it was the duty of the court after stating the account to issue a further citation notifying the appellant to appear and file his accounts and vouchers for settlement, or that the penalty of his failure was the passing of the account the court had stated against him, and the rendition of decree thereon.—Code of 1876, §§ 2524, 2527; R. C. §§ 2153, 2156. The executor or administrator has however the right to a vacation of the proceedings, if at any time before final settlement, he appears and files his accounts and vouchers for settlement and pays the costs of the previous proceedings.

The court of probate in rendering, a final decree against the appellant on the day the account against him was stated,

[Shapard v. Lewis.]

fell into an error. Though the appellant was present, and had refused to file his accounts and vouchers and make settlement, he was entitled to a further day to examine the account stated against him by the court. Or to a further day, at which he could purge himself of all contempt, pay the costs caused by his delinquency, and submitting to the jurisdiction of the court, file his accounts and vouchers for a settlement. The proceedings were *ex parte* as to the appellant, and the statutes intend that he should have full opportunity to relieve himself from them, and become as he ought to be the actor for a final settlement of his administration.

In addition, the proceedings are painfully irregular. Some of these irregularities would not furnish a ground of reversal, and some would be corrected by amendment in this court, the record furnishing the proper evidence. It is apparent Daniel and Savage, each have probably interests as assignees of some of the heirs or distributees of the estate. This appearing the court should have required them to propound their respective interests, of which notice should have been given to the appellant and to those whose interest they claim. If it appeared either was the assignee of the integral share of an heir or distributee, entitled to a decree, then in his favor for such share a decree should be rendered.—*Graham v. Abercrombie*, 8 Ala. 562; *Petty v. Wofford*, 11 Ala. 143; *Smith v. Hall*, 20 Ala. 777; *Simmons v. Knight*, 35 Ala. 105. If a married woman is an heir or distributee, a decree should be rendered in the name of husband and wife for the use of the wife.—1 Brick. Dig. 833. The name of each heir or distributee should be distinctly stated, and for the shares of infants there is no authority to decree in favor of a guardian *ad litem*. If the infant has no general guardian the decree should be in his own name; but if he has such guardian, then in his own name by such guardian.

The decree is reversed and the cause remanded.