# Cook *v.* Cook *et al.* Ex'rs.

### *Compulsory Settlement of Executor's Accounts.*

1. *Executors and administrators; powers of the probate court to compel settlement.*—Under the statutory provisions of this State (Code of 1876, §§ 2508, 2524, 2525, 2528), the jurisdiction of the probate court to compel a final settlement of the accounts of an executor or administrator, after the lapse of eighteen months from the grant of letters, does not depend on the petition of a party interested in the estate, invoking the exercise thereof; but the court may then, *ex mero motu*, compel such settlement, if the condition of the estate will admit of it.

2. *Same; when debtor appointed, presumption of payment arises.*—When letters testamentary or of administration are granted to a debtor of the decedent, the presumption of payment at once arises, without reference to his solvency, or the duration of his administration.

3. *Executors and administrators; when decree on settlement may be rendered in favor of one personal representative against another.*—The only case in which a decree is authorized in favor of one personal representative against another, is where there has been a removal, resignation, or a revocation of the letters, of an executor or administrator, or from some other cause his authority ceases. In such case the decree may be rendered in favor of the remaining or succeeding executor or administrator.

4. *Same; when such decree is not authorized.*—A decree rendered on an account stated by the court under the statute, against one of three executors, whose authority as such had not ceased, and who had failed to file his accounts and vouchers and make a settlement of his executorship, after having been duly cited for that purpose, in favor of the other two executors, is unauthorized and erroneous. In such case, the decree should be rendered in favor of the devisees or legatees under the will.

APPEAL from Baldwin Probate Court.

Tried before Hon. W. H. GASQUE.

John Cook, the appellant, and Joachim B. Cook and Alexander Cook, the appellees, were duly appointed the executors of the last will and testament of John Cook, Sr., deceased, on the 23d of December, 1878, by the Probate Court of Baldwin county, in this State. On the 8th of November, 1880, the appellees filed in said court their account and vouchers for a final settlement of their executorship, and also two petitions, one as such executors, and the other as legatees and distributees under the will of their testator, for the purpose of compelling the appellant to also make a settlement of his executorship. From the averments of these petitions it appears that more than eighteen months had elapsed since the grant of letters testamentary; that said estate was solvent and no longer required "the continuance of an administration" thereon; that the appellant had acted with them in the administration of their tes-

[Cook v. Cook et al. Ex'rs.]

tator's estate, but had refused to join them in a final settlement. thereof, and that he had received a large amount of money belonging to said estate and subject to distribution, for which he had refused to account. On the 8th of January, 1881, on proceedings had in the cause made by said petition, the court stated an account against the appellant as such executor, charging him with the sum of $2,000, which, as found by the court from the evidence, he had in his hands belonging to his testator at the time of the death of the latter. He was then cited to appear on the 31st of March, 1881, and file his account and vouchers for settlement, or that the account so stated would then be passed. On the day last named the appellant appeared, but failed to file his account or vouchers, and the court thereupon passed the account as stated against him on the 8th of January, and rendered a decree against him in favor of the appellees, as executors of John Cook, Sr., deceased, for $2,000, and this decree is here assigned as error.

THOS. H. PRICE, for appellant.

W. S. ANDERSON, and COBBS & TOMPKINS, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—Every executor or administrator is required by law to make annual settlements of his administration, and "may, when necessary for the interests of the estate, be required to make a settlement at any time."—Code, 1876, § 2508. And after the lapse of eighteen months from the grant of letters, if all the debts are paid, "and the condition of the estate, in other respects, will admit of it," a final settlement may be required, either at the instance of those interested, or ex mero motu, by the action of the court. After citation served upon an executor or administrator to this end, requiring him to file his accounts and vouchers, and to make settlement, he may be compelled by attachment to obey the order of the court, or the judge of probate may proceed to state an account against him. Code, §§ 2523, 2524, 2525; Hooper v. Smith, 57 Ala. 557; 1 Brick. Dig. p. 981, §§ 950 et seq.

The jurisdiction of the probate court in this case did not, therefore, depend on the petition of the appellees to compel the appellant, who was their co-executor, to make a settlement of his executorship.

John Cook, the appellant, was properly chargeable with the money deposited with him, or in his custody, by the testator during his life. When a debtor of an estate, or of a testator, takes out letters testamentary or of administration, the presump-

tion of payment at once arises, without regard to the solvency of the debtor so appointed, or the duration of his administration.—*Miller v. Irby's Adm'r*, 63 Ala. 477; *Wright v. Lang*, 66 Ala. 389.

There was no authority, however, to enter a decree in favor of the co-executors against the appellant. The only case where a decree is authorized in favor of one personal representative against another, is where there is a removal, a resignation or revocation of the letters of an executor or administrator, or his authority ceases for any cause; in such case a decree may be rendered in favor of a remaining or succeeding executor or administrator.—Code, §§ 2590–91. The court erred in not rendering the decree in favor of the several devisees or legatees under the will.—Code, §§ 2530, 2475.

Reversed and remanded.