# Alexander *et al. v.* Steele *et al.*

*Bill in Equity by Legatees and Distributees for Account and Settlement by Executor and Administrator.*

1. *Account and settlement of administration at instance of distributees or legatees.*—The distributees of a decedent's estate, or the legatees under his will, may come into equity to compel an account and settlement by the personal representative, without charging a *devastavit*, and without regard to the state of the accounts; and he can only claim an apportionment of the costs when he is put to unnecessary expense.

2. *Husband and wife as parties complainant.*—When a bill is filed by several complainants jointly, one of whom is a married woman, whose husband ought to have been joined with her, his death pending the suit cures the error in failing to make him a party; and if one of the female complainants marries pending the suit, afterwards prosecuting it in her marital name, the failure to bring in her husband as a party is not a reversible error, when no objection was raised to it in the court below.

APPEAL from Dallas Chancery Court.

Heard before Hon. S. K. McSPADDEN.

Appellees, as legatees and distributees of the estate of Dewitt C. Alexander, filed their bill against John D. Alexander, appellant, to compel a settlement of his accounts as executor and administrator of the estate of Joseph M. Alexander, their grandfather, and to remove the settlement of the estate into equity. A settlement, or settlements by the said John D. Alexander of the estate of Joseph M. Alexander, his father, had been made in the Probate Court, but as said John D. was also the personal representative of his brother Dewitt C., who was a legatee under the will, and a co-executor with said John D. of said Joseph M. Alexander, their father, the alleged final settlements were declared invalid, as will more fully appear from the report of the former appeal in this case, *Alexander v. Alexander*,

[Alexander et al. v. Steele et al.]

70 Ala. 212, and the bill in this cause declared to have equity.

As appears from the opinion in this appeal, following the judgment of this court on former appeal, the chancellor declared the complainant entitled to relief, and directed that appellant, John D., file his account and vouchers with the register.

One of the questions raised by the record is the accountability *vel non* of John D. for the loss sustained by the failure of Patrick Irwin & Co. This firm had been the factors and merchants of both Joseph M, and Dewitt C. Alexander when they were living, and of John D. The said John D. Alexander, as surviving executor of his father's estate after the death of Dewitt C., continued said firm as factors of the estate, and left the proceeds of sales of cotton on deposit with them and drew on them from time to time, as a bank, as money was required in the course of administration. In March, 1868, Patrick Irwin & Co. failed owing the estate of Joseph M. Alexander about $8,000, a large amount to the estate of Dewitt C. Alexander and to said John D. individually. The said John D. secured certain collaterals, some of which he realized in money and accounted for in his partial settlements. Other collaterals were choses in action, which he reduced to judgment; others, mortgages on lands, plantations in Dallas and Wilcox counties, which he foreclosed.

The said Joseph M., in his life-time, and appellant John D. were co-sureties on the administration bond of one Horn, and since the settlement of the estate of Joseph, the appellant John D. has been compelled to pay out large sums of money on account of said co-suretyship.

The various assignments of error embrace, among others, the refusal of the chancellor to dismiss the bill for want of equity, and for want of necessary parties; the requirement of a settlement of the estate of Joseph M. Alexander; error in final decree.

BROOKS & ROY, for appellant.

STONE, C. J.—This case was before us at a former term. *Alexander v. Alexander*, 70 Ala. 212. The questions then considered were raised only by demurrer to the bill, which the chancellor had overruled. We affirmed the ruling of the chancellor, holding that John D. Alexander, first executor, and afterwards administrator *de bonis non* with the will

annexed of Joseph M. Alexander, had made no valid final settlement of his said trust, and that the bill contained equity. There was implied in this ruling, that other incontestable postulate, that all executors, administrators and guardians may rightfully be brought to a settlement of the trust they have assumed, unless they have made a lawful final settlement, or unless twenty years have elapsed during which time no active function pertaining to the trust has been performed.—*Austin v. Jordan*, 35 Ala. 642. And this right does not depend on the state of the accounts. It may be invoked by any one having a rightful, immediate interest in the succession. It is a right, not necessarily for the recovery of money or property, but to have a judicial ascertainment of the *status* of the trust—to have it authoritatively determined whether the trusts have been fully performed. If there has been full administration, and no fault, the trustee must be discharged. If not, he must be held to account. If he has been wantonly and needlessly harrassed, he should be compensated so far as practicable in the adjustment of the costs. It is his legal duty, however, to make a settlement, and if nothing more than this is required of him, he is without cause for complaint. It is only when this boundary is transgressed, and he is put to unnecessary expense, that his claim for apportionment of costs should be entertained.

Since the former hearing in this court, testimony has been taken, and a final decree rendered by the chancellor. Following the judgment of this court, he declared that the complainants were entitled to relief, and directed that John D. Alexander file his account-current and vouchers with the register; and gave other general directions for making the settlement. He decided nothing, in the shape of instructions to the register or otherwise, in reference to the justness of charges sought to be fastened on the executor, nor in reference to counter claims set up by him. The decree left these several matters open until the coming in of the report. Under the pleadings and testimony is this cause, and under the rules of law laid down above, there was no error in this, even if it be shown that the executor has committed no *devastavit*, or default. It is simply an order that he do what the law commands him to do—make a settlement.—*Hooper v. Smith*, 57 Ala. 557; *Cook v. Cook*, 69 Ala. 294; *Vincent v. Daniel*, 59 Ala. 602.

It is contended for appellant that the decree in this case

[Alexander et al. v. Steele et al.]

must be reversed, because Mrs. Steele, when made a party complainant, was a married woman, and she did not have her husband associated with her in the prosecution of the suit. Whatever there may have been in this objection, if it had been raised in the life time of Mr. Steele, it ceased to be material when Mrs. Steele became discovert by the death of her husband. The same objection is urged in reference to the other complainant, Mrs Chapman. When the bill was filed she was Miss Alexander, and unmarried Pending the suit she intermarried with Chapman, and prosecuted the suit in her marital name—having the change noted in the record by an amendment of the pleadings, but did not bring in her husband as a party with her. This was an error, as the statute then stood —*Baines v. Barnes*, 64 Ala. 375; *Sawyers v. Baker*, 66 Ala. 292; *Sims v. Nat. Com. Bank*, 73 Ala. 248; *Bolman v. Lohman*, 74 Ala. 507. This objection, however, does not appear to have been raised in the court below, and we will not make it a ground of reversal.

The most severely contested question raised by the record is, whether the defendant is to be held accountable for the loss sustained by the failure of Patrick, Irwin & Co. Administrators are not insurers. They must be honest, and faithful in intention, and must bring to the service that measure of diligence which an ordinarily prudent man bestows on his business transactions of a similar character. And surrounding circumstances must be taken into the estimate.—*Gould v. Hayes*, 19 Ala. 438; *Henderson v. Simmons*, 33 Ala. 291; *Ferguson v. Lowery*, 54 Ala. 510; *Foscue v. Lyon*, 55 Ala. 440; s. c. 60 Ala. 468; *Nunn v. Nunn*, 66 Ala. 35; *Moore v. Randolph*, 70 Ala. 575. We know not what proof may be made on the reference, and do not undertake to decide the question of liability for this alleged default.

We have held that John D. Alexander's Probate Court settlement of Joseph M. Alexander's estate was void. Still, if in the settlement of Dewitt C. Alexander's estate he charged himself with funds coming to the latter estate from the former, and accounted for the same, he must have proper credit therefor. He must not be required to pay the same liability twice.—*Vincent v. Martin*, 79 Ala. 540. So, if he has rightful claims against the complainants for over payments in his accounts as guardian for them, he should have the benefit of them.

The alleged payment on account of the joint suretyship of Joseph M. and John D. Alexander for Horn may also become

[Byrd et al., Adm'rs, v. Jones, Adm'r de bonis non, et al.]

important in ascertaining any balance of Joseph M.'s estate in John D.'s hands for distribution. That question is perhaps not fully developed in this record.—*Alexander v. Fisher*, 18 Ala. 374.

We find no error in the record.

Affirmed.