# Sampey's Adm'r *v.* Sowell.

*Trover for Conversion of Cattle, by Administrator de bonis non against Purchaser from Executor under Probate Decree.*

1. *Estoppel by judgment or decree.*—If, on final settlement of the accounts of a deceased executor, the administrator *de bonis non* has him charged with the proceeds of personal property sold under a probate decree, he is estopped to deny the validity of the sale, or to maintain an action against the purchaser for the property.

2. *Settlement of executor's accounts; presumption in favor of judgment or decree.*—When an executor voluntarily appears, and files his accounts and vouchers for a final settlement, after the lapse of ten years from the grant of his letters, the presumption will be indulged, in favor of the settlement, that his authority had ceased by resignation or removal, or that the debts had been paid and the estate was ready for final settlement and distribution.

3. *Settlement of accounts of deceased executor.*—When an executor voluntarily appears, and files his accounts and vouchers for final settlement, but dies before the settlement is made, the court may appoint a personal representative of his estate, and an administrator *de bonis non* of the testator's estate; and if they voluntarily appear, and proceed with the settlement, the court has jurisdiction to render a final decree.

APPEAL from the Circuit Court of Escambia.
Tried before the Hon. JOHN P. HUBBARD.

J. W. POSEY, and GEO. R. FARNHAM, for appellant.

STALLWORTH & BURNETT, and M. A. RABB, *contra.*

CLOPTON, J.—Appellant, as administrator *de bonis non* with the will annexed of John Sampey, brings trover against appellee for the conversion of a large number of cattle, several hundred, which belonged to the decedent at the time of his death. Defendant claims title by purchase from A. D. Sampey, the duly appointed and qualified executor of the will of John

[Sampey's Adm'r v. Sowell.]

Sampey, who sold the cattle under an order of the Probate Court. To this claim of title plaintiff replies, that the petition for the order of sale not setting forth the jurisdictional facts, and the court having no authority to grant an order to sell at private sale, the order of sale is void for want of jurisdiction; and that the administrator *de bonis non* has the right, after the death of the executor, to sue for property of the estate disposed of by him under a void order and sale. To this contention defendant answers, that plaintiff is estopped by the settlement of the administration of the estate subsequently made, and the decree rendered thereon, from asserting the invalidity of the order of sale. If this be so, it is unnecessary to consider whether or not the order and sale are valid.

The facts as to the settlement and decree are as follows: A. D. Sampey, as executor, filed in the Probate Court, October 24, 1887, his account and vouchers for a final settlement of his administration of the estate. A day was set to hear and determine the same, of which notice was given to all persons interested as required by law. A guardian *ad litem* for the minor heirs, and an administrator *ad litem*, were appointed, and objections filed to the account. On the day set for the hearing, the court proceeded with the trial, adjourning from day to day until November 30, on which day there was an adjournment until December 5, 1887. On the last mentioned day, A. D. Sampey, the executor, having died during the pending of the settlement, it was continued to February 7, 1888. On that day, the administrator of A. D. Sampey appeared, and moved the court to proceed and complete the settlement. Plaintiff, who in meantime had been appointed administrator *de bonis non* of the testator, also appeared, and on his motion the estate of the executor was charged with the purchase-money of the cattle received from defendant, and a decree rendered in favor of plaintiff, as administrator *de bonis non*, against the administrator of the executor, for the balance found due, amounting to more than twelve thousand dollars, which included the money paid by defendant for the cattle.

If the settlement and decree be valid, they estop plaintiff from questioning the validity of the order of sale and the sale. Having, with knowledge of the facts, treated the proceeds of the sale as assets of the estate, caused them to be charged against the estate of the executor, and having received all the benefit which could have accrued from a regular valid sale, he will not be permitted to treat the sale as void, thereby receiving double compensation for the cattle.—*Bell v. Craig*, 52 Ala. 215.

Plaintiff, however, insists that the settlement and decree are

[Sampey's Adm'r v. Sowell.]

void, or, at least, are not final and conclusive operating to estop plaintiff from a recovery, on the ground that the record does not show that the executor had resigned, or been removed, or that the estate was ready for final settlement and distribution at the time the account was filed, and that the Probate Court did not acquire jurisdiction of the subject-matter and the parties. In the matter of the settlement of the accounts of executors and administrators, the Probate Court, under the Constitution, is a court of general jurisdiction, and everything which the record does not disprove will be presumed, on collateral attack, in support of the jurisdiction. If need be, the resignation of the executor, the revocation of his letters, or cessation of his authority from some cause, will be presumed. *Hatchett v. Billingslea*, 65 Ala. 16. But no such presumption need be indulged in this case. The will was probated, and letters testamentary issued, in August, 1877, more than ten years before the executor filed his account and vouchers for the final settlement. All the debts of the estate being paid, and its condition in other respects admitting it, a final settlement may be made at any time after eighteen months from the grant of letters. After such length of time has expired, it is, *prima facie*, the right of the legatees or distributees to call the personal representative to a settlement; and if there be special reasons why this should not be done, this is defensive matter to be shown by the representative.—*Hooper v. Smith*, 57 Ala. 557. Ten years having elapsed from the issue of letters testamentary, payment of the debts, and the proper condition of the estate for a final settlement, will be presumed, especially when the executor voluntarily appeared, and filed his account and vouchers for final settlement. Had he not done so, it would have been the duty of the court to have compelled him to a settlement, his delinquency appearing from the records.— *Vincent v. Daniel*, 59 Ala. 602.

Upon the death of the executor, his personal representative is required to make final settlement of his administration. The administrator *de bonis non* of the original testator must be made a party, if one be appointed; and the court, after stating the account, must render a decree in his favor, unless the estate can be finally closed.—Code 1876, §§ 2537, 2538, 2539, 2595. The executor having filed his account and vouchers in his life-time, the court acquired jurisdiction of the subject-matter of the settlement, and by notice to the persons interested, and the appearance of the administrator of the executor, and the administrator *de bonis non* of the original testator, jurisdiction of the parties. The executor having died pending the settlement, the court had authority to appoint an

15

[Trammell v. Craddock.]

administrator of his estate, and an administrator *de bonis non* ·of the testator. And both voluntarily appearing, the one moving the court to proceed with the settlement, and the ·other consenting and moving to charge the executor with the proceeds of the sale of the cattle, it was competent for the ·court to make the settlement, and render the decree. It did not act without jurisdiction. The settlement and decree are valid and binding on the parties.

When the suit is to recover personal property, or for its conversion, unlike the case of land, the title to which can pass ·only by writing, the estoppel is effectual at law.

Affirmed.