## PURDOM v. TIPTON, ET AL.

1. In the final settlement of the accounts of an administrator, he is properly chargeable with a debt due from himself to the decedent, and this although he is insolvent when the administration is committed to him, and continues so.

Writ of Error to the Orphans' Court of Madison.

In the matter of the final settlement of the estate of Wm. E. Gardner, deceased, upon the application of Purdom, the administrator.

In stating the account, preparatory to distribution, the distributees produced a writing signed by Purdom, the 4th January 1840, admitting the deposit by the intestate, in his hands, of $4,000, to secure him and one Jolley, who were recognizors for his appearance before the then next term of the Circuit Court of Madison, to answer a charge of murder. If Gardner attended the court, from court to court until discharged by due course of law, then the money was to be returned, but should he fail, then the money was to secure Purdom and Jolley, for any liability that might accrue; and asked the court

to charge Purdom with the amount of the receipt as so much in his hands, subject to be distributed. The administrator opposed this charge, except to the extent of $1500, with which he paid debts of the decedent. The administrator proved, that as the surety of the decedent, on the charge before named, he was not discharged from liability until the April term, 1841, of the Circuit Court of Madison. He further proved, that at the time he was appointed administrator, —the 4th March, 1841—he owed debts to the amount of $30,000. The distributees then proved he had means to pay $20,000, but failed to prove any other or greater means; also, that part of these means was real and personal estate, in Madison county, of the value of $5,000, and that there were but two judgments for small sums against him when appointed administrator, and these were paid without selling the property above stated. Purdom then proved that certain slaves, included in the above estimate, were sold by the sheriff, under executions on judgments obtained in February, 1842. Also, that in April of that year, he conveyed certain real estate, siuate in Madison county, and certain slaves, in trust, first, to secure a debt upon which certain named persons were sureties, for the sum of $2383, and second, to secure his sureties for this administration. He then proved, the lot and slaves thus conveyed, were the same as previously estimated by the witnesses for the distributees, and that the debt therein mentioned was yet unpaid, except the interest accrued upon it.

On this state of proof, the court was of opinion that Purdom, as administrator, was liable for the sum of money deposited with him, with interest from the 1st May, 1841, and charged him with the same.

The balance due from the administrator, and decreed to the distributees, was $1021.

Purdom excepted to the ruling of the court above stated, and now assigns it as error.

Robinson, for the plaintiff in error, insisted—

That it was improper in this instance to charge the administrator with the debt due from himself, as he was insol-

vent when the administration was committed to him, and had ever since continued in that condition. Besides this, he was not a debtor of the decedent, when the administration was committed, as he was not released from liability until April afterwards. The effect of the decree in this case is, to make the sureties of the administrator sponsors, not for his honesty in the duties of the administration, but for the payment of the debt subsequently owing to the estate. The idea that an administrator is to be charged with debts due by himself, to the decedent, is founded on the presumption that he has the ability to do so, and when this presumption is rebutted, the Orphans' Court has no jurisdiction to charge him.

S. PARSONS, contra, cited Stephens v. Gaylord, 11 Mass. 256; Winship v. Bass, 12 Mass. 199; Hays v. Jackson, 6 Ib. 150; Childress v. Childress, 3 Ala. Rep. 752; 7 Ib. 298.]

GOLDTHWAITE, J.—It is ruled in very express terms by the adjudications cited by the defendant in error, from Massachusetts, that not only the administrator, but also his sureties are liable for a debt due from him to the decedent. Here the question is not presented by the surety directly, and the previous decisions of this court have settled that the administrator, on the settlement of his accounts with the Orphans' Court, is properly chargeable with a debt due from himself to the decedent. Childress v. Childress, 3 Ala. Rep. 752; Hampton v. Shehan, 7 Ib. 298.]

The reason of this is, that the distributees are entitled to have all the assets of the estate, and as the administrator is not in a condition to be sued, it must result in a charge against himself. The same consequences would probably flow from the same circumstances, if the suit was by a creditor against the administrator. Under a plea of *plene administravit*, we incline to think he would be compelled to show that he had disbursed, for debts, &c. of the estate, to the extent of the debt due from himself. Whatever may be the effect of this charge hereafter, upon the surety for the administration, we have no doubt in this case, that the charge against the administrator was proper, whether he was or was not insolvent. This conclusion renders it unnecessary to

inquire whether a case of insolvency is made by the proof, and it is evidently premature to decide on the liability of the surety, as his is not the case before us.

Judgment affirmed.