CASE 63—PETITION EQUITY—FEBRUARY 5.

# Hickman vs. Kamp's adm'r and heirs.

### APPEAL FROM NELSON CIRCUIT COURT.

An administrator of his creditor's estate who returns upon his inventory his own note, should be held as having collected it, especially when he had property liable to execution sufficient to pay the debt; he must be held as having received the money, and his surety liable, as much as if it had been due from some one else and he had collected it.

E. E. McKAY,                                     For Appellant,

CITED—

3 *Met*, 147–8; 2 *Duvall*, 275.

Wm. JOHNSON,                                     For Appellees,

CITED—

*Hardin*, 597; 4 *B. Mon.*, 255; 15 *B. Mon.*, 123.
*Act of December* 28, 1861; 2 *Duvall*, 275.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The only matter in controversy is, whether Hickman, as security for G. Schaub, as administrator of P. G. Kamp

in his administration bond, shall be held. liable for a debt of four hundred and twenty-nine dollars and forty-five cents, due decedent in his lifetime from Schaub and Murphy, as evidenced by their note, and which Schaub returned on his inventory of decedent's estate.

Several months after Schaub administered, he joined the Southern army, at least left his home and went within the Confederate military lines, and soon thereafter his property was attached, and he and Murphy both became insolvent, and the administrator *de bonis non*, subsequently appointed, only realized eight and one half cents to the dollar out of Murphy and Schaub's estate.

That Schaub had sufficient property liable to execution to have made this debt from the time he administered until he went within the Confederate lines, we think reasonably established; and that a debtor who may take upon himself the administration of his creditor's estate, and return upon his inventory his own note, should be held as having collected it, especially when he has property sufficient to pay it liable to execution, we regard as both sound law and sound justice.   By the act of himself and security he suspended the right of action, and, as he has by his own act destroyed all remedy for collecting, he must be held as having received the money as much as if it had been due from some one else and he had collected it.

And although, as decided by this court in *Bush vs. Bush*, 2 *Duvall*, 275, an executor will not be permitted, when insolvent, to say he has collected the debt upon himself, and thus destroy a lien upon lands, when in his settlement he has not charged himself with the debt, and when he has given no security as executor, and the heirs are seeking to enforce the lien, yet that does not give the executor or administrator the right, when he has

charged the debt in his inventory, to say he has not collected it, and that it was an insolvent debt, and, therefore, he and his security should not be held responsible upon the fiducial bond. If Schaub had been understood to be insolvent, the county court would hardly have appointed him administrator, nor would Hickman probably have become his security; and if he was in reality insolvent, but this concealed from the world, then it was his duty, acting with fidelity to the estate and heirs of his decedent, to use extraordinary diligence in securing a doubtful debt, instead of suspending the right of action; and this but develops the public policy and justice in such cases of regarding the debt as collected, and holding the security responsible for it.

It is shown in this case that Hickman, the security, took an interest in having this debt collected after the appointment of the administrator *de bonis non*, which at least would repel any suspicion that anything had been lost by the laches of the latter.

Judgment affirmed, with damages.