# Jay *v.* Martin.

### *Final Settlement of Guardian's Accounts.*

*Liability of guardian for money borrowed from former guardian.* — On final settlement of a guardian's account, he is properly charged with money of his ward, which he borrowed from a former guardian, giving a note and mortgage to secure its payment; although the administratrix of the former guardian refuses to surrender the note and mortgage, claiming that the ward is indebted to her intestate, whose guardianship has never been settled.

APPEAL from the Probate Court of Conecuh.

[Avery's Executors *v.* Avery.]

PAGE & HERBERT for appellant.

JUDGE & HOLTZCLAW, *contra.*

B. F. SAFFOLD, J. — The appellant Jay, making a final settlement of his guardianship of Mary S. Jones, was charged with the amount of a promissory note, secured by mortgage, which he had given before he became guardian to William A. Ashley, her former guardian, for money of the ward borrowed by him. He objected to this, because the administratrix of Ashley, who had died, and whom he succeeded in the guardianship, had refused to surrender to him the note and mortgage, claiming that the ward was indebted to her intestate at the time of his death, and that there had been no settlement of his said guardianship.

It is an acknowledged principle of law, that when the obligation to pay money is united with the right to receive payment in the same person, the payment is to be considered as made. *Childress* v. *Childress,* 3 Ala. 752 ; *Purdom* v. *Tipton,* 9 Ala. 914. The guardian, Jay, was the proper person to sue for and collect the debt, but he could not sue himself. R. C. § 2456. He has failed to show any reason why the administratrix of Ashley claims an interest in the debt, which should prejudice him as the debtor. She has no lien of law on it. If she had had money in her hands, she might have retained the exact amount really due to the former guardian, but she could not so retain specific property or a mere evidence of debt.

The judgment is affirmed.