CASE 21—PETITION EQUITY—MARCH 13.

# Johnson v. Hicks' Guardian.

APPEAL FROM HENDERSON CIRCUIT COURT.

DEBT DUE BY GUARDIAN TO WARD—LIABILITY OF SURETIES.—Where one who is solvent qualifies as administrator of the estate of his creditor, or as the guardian of infants to whom he is indebted, the amount of the debt must be treated as cash assets coming to his hands for the proper disposition of which the sureties in his bond are liable. And the fact that one of several sureties in the bond is surety in the note by which the debt is evidenced, does not make that surety liable for the entire debt as between him and the other sureties.

S. B. & R. D. VANCE FOR APPELLANT.

There is no fact in the case tending to show an intention by Hatchett to transfer to his account as guardian the debt evidenced by the note in which appellee was surety. And as it appears that the guardian was solvent and judgment had not been rendered against him, it was error to hold that he had become liable for the amount of the note as guardian and to render judgment therefor against appellant as one of the sureties in his bond. (Bush v. Bush, 2 Duv., 269.)

JNO. L. DORSEY OF COUNSEL ON SAME SIDE.

YEAMAN & LOCKETT FOR APPELLEE.

It stands admitted by the pleadings that Wm. Hatchett, upon his qualification as guardian, charged himself as such with the amount of his note to the antecedent guardian. But whether that is so or not the note was merged in his responsibility as guardian, and the sureties in his bond are responsible, just as if it had been so much money turned over to him by the antecedent guardian. (Karr's Adm'r v. Karr, 6 Dana, 6; Bush v. Bush, 2 Duv., 74; Hickman v. Kamp, 3 Bush, 206.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

It appears that James T. Hicks was the guardian of Wirt

Hicks and Baxter Hicks. While acting as such guardian he loaned to Wm. Hatchett some money belonging to his wards, for the balance of which Hatchett executed his note for $953.68, with the appellee, John T. Hatchett, as his surety. After the maturity of the note and before it was paid, James T. Hicks died. Wm. Hatchett became the administrator of the estate, and also qualified as the guardian of Wirt and Baxter Hicks. On Wm. Hatchett's bond as guardian, the appellee John T. Hatchett and the appellant A. S. Johnson became his sureties.

Wm. Hatchett was removed as guardian, and the Ohio Valley Banking and Trust Company was appointed guardian of Wirt and Baxter Hicks. The former guardian, Hatchett, failing to pay the guardian the amount for which he was liable to his late wards, these actions were brought against his sureties, Johnson and Hatchett. The court rendered judgment against them for the amounts due each ward.

The appellant by an appropriate pleading denied his liability for any part of the amount for which the actions were brought, and insisted that his co-surety, John T. Hatchett, being solvent and liable as surety on the note which Wm. Hatchett had executed to Hicks, guardian, that in the event the present guardian should be permitted to recover of him, then he should be allowed to recover against John T. Hatchett such amount as he was compelled to pay in consequence of his liability on the bond of Wm. Hatchett as guardian. On the other hand it is contended that Wm. Hatchett charged himself as guardian with the amount of the note which he owed the former guardian of his wards, or if he did not formally do so, being solvent when he qualified as their guardian, in law he was charged therewith, and it should be treated as cash assets in his hands.

The testimony conduces to show that James T. Hicks commenced but failed to complete a settlement of his accounts as guardian with the county judge; that afterwards Hatchett as guardian completed the settlement which Hicks began, in which it appears that the assets in the hands of the guardian are treated as cash. Wm. Hatchett testifies that he held the note as so much money in his hands belonging to his wards, but it does not appear that he made any charge in any book to that effect; in fact it does not appear that he kept any book containing an account as guardian. John Hatchett testifies that Wm. Hatchett soon after he qualified as guardian gave him to understand that the note came to his hands as so much cash. He never turned the note over to the present guardian.

From the foregoing facts it must be concluded that Wm. Hatchett in effect charged himself as guardian with the amount of his note, and his sureties in the bond which he executed as guardian are liable to his wards therefor.

Even if nothing had been done by the guardian indicating a purpose to charge himself with the amount of his note, he was in law charged therewith, as he was solvent when he qualified as guardian.

When a debtor who is solvent qualifies as the administrator of the estate of his creditor or as the guardian of infants, the amount which he owes such estate must be treated as cash assets coming to his hands, for the proper disposition of what his sureties in his bond are liable. (Karr's Admr. v. Karr, 6 Dana, 6; Hickman v. Kamp's Admr., 3 Bush 206.)

The fact that John T. Hatchett was his surety on the note does not change the law which should be applied to this case. When Wm. Hatchett qualified as guardian and got possession of the note, the right to an action was suspended

thereon, as it could not be expected that he as guardian would sue himself thereon. The surety on the note had his position altered, as he could not obtain the relief which the statute would have given him before Wm. Hatchett became the guardian, in this, that he could not give a notice requiring the holder of the note to sue, thus relieving himself of liability in the event of a failure of the holder of the note to sue.

We think Wm. Hatchett being solvent when he qualified as guardian of the Hicks children, his sureties became liable on the bond for the amount of the note which he owed the former guardian.

It follows from the views expressed that the appellant was not entitled to recover of appellee John T. Hatchett.

Judgment affirmed.