EDWARD T. HODGE, Admr. de bonis non, In Equity.

*vs.*

JULIAETTE HODGE, Executrix.

Lincoln.     Opinion July 23, 1897.

| 90 | 505 |
| e97 | 94 |

*Admr. de bonis non.  Limitations.  Probate.  Equity.  R. S., c. 87, § 19.*

An administrator de bonis non, as is indicated by the title of his office, succeeds only to the unadministered property of the intestate, that is, the goods, effects and credits which were of the intestate at the time of his decease and which remained in specie, unaltered or unconverted by any act of the administrator, or the proceeds thereof which have not been commingled with the administrator's own money.

An administrator de bonis non cannot maintain an action against the estate of his predecessor for money wrongfully received by him prior to his appointment as administrator, in the absence of allegation and proof that such money is distinguishable as a part of the intestate's property.

A debt due from a person to a testator or intestate becomes, by the debtor's appointment as executor or administrator, assets in his hands.  The administrator's own debt being assets, it becomes an item in his administration account; and the question whether such debt is due, and the amount of it, becomes a question of probate administration, in the first instance, to be decided by the judge of probate, on all questions of law and fact, subject to an appeal to this court.

An indebtedness from an administrator to the estate, having been converted into assets by his appointment, is not revived by the death or removal of the administrator so that it can be sued by an administrator de bonis non.

A wife was owner of a deposit in a savings bank standing in the name of a trustee for her sole benefit.  After her death, her husband procured a transfer of the deposit to himself from the trustee, without paying any consideration, and withdrew a portion of the deposit.  He was subsequently appointed administrator upon his wife's estate, but did not include this sum in his inventory or account for it in any way.  The husband having died, an administrator de bonis non of his wife's estate filed a bill in equity against his estate charging that he became an executor de son tort and prayed that his estate be charged with the money so withdrawn.

*Held;* that an action at law, under these circumstances, cannot be maintained by an administrator de bonis non against the personal representative of the husband; *also,* that the complainant has no better or greater rights, in this respect, in a proceeding in equity.

By R. S., c. 87, § 19, this court, sitting in equity, may give judgment for the amount of a claim against the estate of a deceased person that has not been presented within the time limited by statute, when justice and equity require it to be allowed, and the creditor is not chargeable with culpable negligence in not prosecuting his claim.

*Held*; that the only object of this statute is to relieve a creditor, under certain circumstances, from the limitation of the statute in regard to the prosecution of claims against the estates of deceased persons. It does not create a cause of action in equity, after the bar of the statute, when there was none at law before.

*Held*; that the bill cannot be sustained upon the ground that the money was received by the defendant's testator charged with a trust in favor of the wife's estate, because, if it were so, the identity of the trust fund has been lost. The identity of this trust fund, if such it was, having been lost, the cestui que trust can stand in no better position than other creditors.

ON REPORT.

Bill in equity, heard on bill, answer, demurrer and testimony.

The case is stated in the opinion.

*T. P. Pierce*, for plaintiff.

*N. and J. A. Morrill*, for defendant.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. Bill in equity by the administrator de bonis non of the estate of Abigail T. Hodge against the executrix of Wm. Hodge, the administrator of Abigail T. Hodge.

The complainant, the administrator de bonis non, is the son of Abigail T. and Wm. Hodge. The intestate died April 8, 1879. Her husband, Wm. Hodge, was appointed administrator upon her estate December 7, 1880, and died June 6, 1892. The complainant was appointed administrator de bonis non on the first Tuesday of October, 1892.

The complainant alleges, in substance, that the intestate at the time of her death was the owner of a deposit in the Cambridgeport Savings Bank of Cambridgeport, Mass.; that although such deposit was in the name of one Hannah C. Wilson, it was in fact the money of the intestate, deposited by her in the name of Hannah C. Wilson, in trust for the sole benefit of the intestate;

that after her death Wm. Hodge procured from Hannah C. Wilson a transfer of said deposit, without consideration, and that on August 26, 1879, before his appointment as administrator, he withdrew from the savings bank a portion of such deposit, about $800 ; that he did not include this sum in his inventory as administrator and never in any way accounted for the same ; that in withdrawing a portion of such deposit he became an executor de son tort ; and he asks that the defendant, as 'executrix of such administrator, may be compelled to pay the amount so withdrawn, with interest, to him as administrator de bonis non.

The respondent both demurred and answered to the bill, and the case is here upon report of the pleadings and testimony. The defendant contends that the bill can not be sustained, either upon its allegations or upon the testimony.

It is very clear that if this sum of money had been received by Wm. Hodge in his capacity as administrator, and had been either administered or converted to his own use, neither an action at law nor a bill in equity could be maintained by the administrator de bonis non against him or his estate. As indicated by his title and commission there vests in him, as administrator de bonis non, only the unadministered property of the intestate, that is, the goods, effects and credits which were of the intestate at the time of her decease and which remained in specie, unaltered or unconverted by any act of the administrator, or the proceeds thereof which have not been commingled with the administrator's own money. *American Boards' Appeal*, 27 Conn. 344.

" But at common law the authority of the administrator de bonis non does not extend to any property which has been administered, either fully or partially, . . . . It follows from these principles, that the administrator de bonis non can sustain no action at law against his predecessor for anything save unadministered effects existing in specie." Woerner on Administration, pp. 744—745.

In *Beall* v. *New Mexico*, 16 Wall. 535, it is said: "To the administrator de bonis non is committed only the administration of the goods, chattels and credits of the deceased which have not

been administered. He is entitled to all the goods and personal estate which remain in specie. Money received by the former executor or administrator, in his character as such, and kept by itself, will be so regarded; but if mixed with the administrator's own money, it is considered as converted, or, technically speaking, administered."

·The administrator de bonis non is entitled only to such goods or chattels of the testator as remained in specie in the hands of the executor at the time of his death, or to such money as belonged to the testator's estate, and had been kept by the executor separate and unmixed with his own. *Potts* v. *Smith,* 3 Rawle, 361. And see the very full notes to this case in 24 Am. Dec. 379.

This doctrine was fully and unequivocally sustained by this court in the case of *Waterman* v. *Dockray,* 78 Maine, 141.

But the persons legally interested are not without ample remedy in such a case. An omission by an administrator to include in his inventory any assets of the estate known to him, is a breach of his official bond. *Bourne* v. *Stevenson,* 58 Maine, 499. Or an administrator could be charged with any money belonging to the estate that was received by him, in the settlement of his administrator's account, and a failure to present and settle an account, after being cited to do so, would also be a breach of his bond, for which he and his sureties would be liable.

Nor do we think that an administrator de bonis non can maintain an action against the estate of his predecessor, for money wrongfully received by him, prior to his appointment as administrator, in the absence of allegation and proof that such money is distinguishable as a part of the intestate's property. If this money withdrawn from the savings bank was in fact the property of the intestate, at the time of her death, her husband by receiving it, became a debtor to the estate, and his subsequent appointment and qualification as administrator converted this indebtedness into cash assets in his hands, which, if the allegations of the bill are true, should have been included in his inventory and accounted for as administrator; for a failure to do this, he and his sureties were liable upon the official bond.

That a debt due from a person to a testator or intestate, becomes by the debtor's appointment as executor or administrator, assets in his hands, was decided in Massachusetts in the case of *Stevens* v. *Gaylord*, 11 Mass. 256, and the doctrine of this case has been universally followed by every subsequent decision upon the question in that state.    *Winship* v. *Bass*, 12 Mass. 198; *Hobart* v. *Stone*, 10 Pick. 215; *Ipswich Mfg. Co.* v. *Story*, 5 Met. 310; *Sigourney* v. *Wetherell*, 6 Met. 553; *Chapin* v. *Waters*, 110 Mass. 195; *Choate* v. *Arrington*, 116 Mass. 552; *Tarbell* v. *Jewett*, 129 Mass. 457.

" It is now well settled, whatever may have formerly been the rule of law, that a testator, by making his debtor executor, does not give him the debt, by way of legacy, nor release or discharge it. In this respect, he now stands on the same footing with an administrator.    But as an executor or administrator can not demand or receive payment of himself and can not sue himself, and yet is bound to account for his own debt, that debt must be considered as assets.    Where the same hand is to pay and receive money, the law presumes, as against the debtor himself, that he has done that which he was legally bound to do, and charges him with the amount as a debt paid. . . . .    It is sufficient for the present case, that the administrator is bound to account for his own debt, as a debt paid, and as assets, without other acts or ceremony. The administrator's own debt being assets, it becomes an item in his administration account, and the question whether such debt is due, and the amount of it, becomes a question of probate jurisdiction in the first instance, to be decided by the judge of probate, on all questions as well of fact as of law, subject to an appeal to this court."    *Sigourney* v. *Wetherell*, supra.

In *Stevens* v. *Gaylord*, supra, it was said: " The case might have been very different if the defendant had denied that he owed this debt, and had refused to insert it in his inventory, and to account for it as the property of the deceased."    And in some other of the Massachusetts cases above cited, the rule as laid down contains the qualification, " when the debt is acknowledged," although we are aware of no case in which this has been decided

to be the law, and we think upon principle and authority that there is no difference in the rule, whether the debt is acknowledged or denied.

In *Winship* v. *Bass*, supra, the indebtedness was not acknowledged, the executor refused to treat his indebtedness to the estate as assets, claiming that it was extinguished by his appointment. The court held that the debt was not extinguished but must be treated as assets, and that, as his sureties were liable upon his bond, he need not be removed.

In *Sigourney* v. *Wetherell*, supra, the indebtedness of the administrator was not acknowledged but on the contrary was strenuously denied.

In *Tarbell* v. *Jewett*, supra, it was said: "The note therefore became assets of the estate, from which the liability of the estate to the guardian could properly be met, and it is immaterial that it was not named in the inventory or account. . . . . The fact that an executor charges himself with his debt in the inventory or account is an important fact; it settles the question that he owes the estate and the amount of his debt; and, in those cases where the debt has thus been accounted for, great stress has been laid upon the fact. . . . . But an executor can not escape his liability, or change the character of it, by failing to charge himself with his own debt; if he could, then by neglecting his duty there would be no remedy for the estate. Nor is charging himself with it the only way in which the fact of his indebtedness may appear or be proved; and if it appears or is proved otherwise, then his liability is established as conclusively as if he had charged himself with the debt in his inventory, and his sureties become responsible if he fails to account for it."

In this state it was early decided in the case of *Potter* v. *Titcomb*, 1 Fairf. 53, that an administrator must inventory and account for any debt due from himself to the intestate, even though he should deny that there was such indebtedness. And in *Potter* v. *Titcomb*, 7 Greenl. 302, it was held that in order to compel an administrator, on his official bond, to pay the amount of a debt due from him to the intestate, it is necessary that he should first be

charged with the amount, in an administration account, by a decree of the judge of probate.

An indebtedness from an administrator to the estate, having been converted into assets by his appointment, is not revived by the death or removal of the administrator so that it can be sued by an administrator de bonis non. In *Tarbell* v. *Jewett*, supra, it is said: "We are not aware of any case where it has been held that a debt due from an executor, having once become assets, can be revived, and an action maintained upon it by an administrator with the will annexed; nor of any case where a debt due to the executor has been held not to be extinguished, if sufficient assets come to his hands."

In *Monroe* v. *Holmes*, 9 Allen, 244, it was held that where an executor had died leaving the estate unsettled, his administrator could not maintain an action at law against the administrator de bonis non to recover a balance due to the executor, but must present an account to the probate court for settlement. And in *Prentice* v. *Dehon*, 10 Allen, 353, it was held that, upon the same principle, such an action could not be maintained after the resignation of the executor.

Whether the debt is due to or from the executor or administrator, and the principle is the same in the case of either executor or administrator, the debt as such becomes extinguished by the appointment of the debtor or creditor, and is not revived by his death or removal from that position.

No action at law, under the circumstances of this case, could be maintained by the administrator de bonis non against the personal representative of his predecessor for the reasons already considered, and we think that the complainant can have no better nor greater rights, in this respect, in a proceeding in equity.

The defendant was appointed executrix September 6th, 1892; this bill in equity was commenced October 5, 1895. By R. S., c. 87, § 19, when a claim has not been presented within the time limited by statute, against the estate of a deceased person, this court, if of opinion that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting

his claim, may give judgment for the amount of the claim against the estate. The only object of this statute is to relieve a creditor, under certain circumstances, from the limitation of the statute in regard to the prosecution of claims against the estates of deceased persons. It does not create a cause of action in equity, after the bar of the statute, when there was none at law before.

Nor can the bill be sustained upon the ground, as contended, that this money was received by the defendant's testator, charged with a trust in favor of the intestate, because, if this was so, the identity of the trust fund has been lost. There is no attempt here to hold a particular fund or property as charged with the trust; there is no allegation or testimony to the effect that this money can be traced or distinguished from other property or money of the defendant's testator, the original administrator.

The identity of this trust fund, if such it was, having been lost, the cestui que trust can stand in no better position than other creditors. *Goodell* v. *Buck*, 67 Maine, 514; *Steamboat Co.* v. *Locke*, 73 Maine, 370; *Fowler* v. *True*, 76 Maine, 43.

*Bill dismissed, with costs for the respondent.*