UNITED STATES FIDELITY & GUARANTY COMPANY
*v.* STATE, EX REL. SMITH, GUARDIAN, ET AL.

[No. 6,023.   Filed May 14, 1907.]

1. PLEADING.—*Complaint.—Guardian and Ward.—Principal and Surety.—Conversion.—Demand.*—The allegation in a complaint by a guardian against his predecessor and such predecessor's surety that such predecessor converted to his own use, his ward's money, renders unnecessary an allegation of a demand upon such predecessor or such surety. p. 137.

2. SAME.—*Complaint.—Amendments.—Guardian and Ward.—Conversion.—Due and Unpaid.*—A complaint by a guardian against his predecessor and such predecessor's surety alleging that the predecessor converted to his own use the ward's money, but failing to allege that such amount remains due and unpaid, is not bad on appeal, since the complaint might have been amended after trial and before judgment, and will be considered amended on appeal. p. 137.

3. GUARDIAN AND WARD.—*Conversion.—Principal and Surety.*—A guardian and his surety are liable for the conversion of the ward's money, though such guardian and his predecessor, who was his partner, had used such money in their business, and where, upon the death of such predecessor, such guardian, upon his appointment, assumed, as a part payment of the purchase price of the partnership property, the payment of such ward's money, it being shown that such guardian had the money with which to pay, but did not actually separate it from his own. p. 138.

4. PARTNERSHIP.—*Individual Liability.*—Partners are individually liable for the whole of the partnership debts. p. 139.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by the State of Indiana, on the relation of Samuel Smith, as guardian of Henry Meyerhoff, Jr., against the United States Fidelity and Guaranty Company and another. From a judgment for plaintiff, defendant company appeals. *Affirmed.*

*George A. Cunningham,* for appellant.

*Elmer Q. Lockyear,* for appellee State, *ex rel.*

RABB, J.—This was an action on a guardian's bond, and the alleged errors relied on for a reversal of the judgment in favor of the plaintiff against the surety on the guardian's

bond are that the complaint does not state facts sufficient to constitute a cause of action, and the action of the court below in overruling appellant's motion for a new trial. The complaint avers the due appointment of the appellee William Britz as guardian of Henry Meyerhoff, Jr., the relator's ward, the due execution by said William Britz of his bond as such guardian, in the penalty of $1,600, with the appellant as surety thereon, and the receipt by Britz as such guardian of the sum of $718.35 of his ward's funds, which it is averred in the complaint said guardian mingled with his own funds, used in his business, and converted to his own use, and that he was thereafter removed from his trust. There is no allegation in the complaint of a demand made upon Britz or his surety for payment, and no averment in the complaint that the sum due from the guardian was unpaid. No demurrer was filed to the complaint, and the question of its sufficiency is raised for the first time in this court.

The complaint is clearly sufficient to withstand an attack here. The averment that the guardian had converted the ward's funds to his own use rendered the demand unnecessary. *Shook* v. *State, ex rel.* (1876), 53 Ind. 403; *Higgins* v. *State, ex rel.* (1882), 87 Ind. 282; *Buchanan* v. *State, ex rel.* (1886), 106 Ind. 251.

It is insisted that the failure of the complaint to contain a formal averment that the amount due remained unpaid, rendered the complaint insufficient. This was a formal averment not necessary to be proved by the plaintiff upon the trial, and in respect to which the complaint might have been amended after the trial and before judgment, and it will be considered as amended in this court. The lack of this averment in the complaint is not a reversible error. *Buchanan* v. *State, ex rel., supra; Evansville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 571; *Louisville, etc., R. Co.* v. *Steele* (1893), 6 Ind. App. 183; *Simons* v. *Busby* (1889), 119 Ind. 13.

138     APPELLATE COURT OF INDIANA,

United States Fidelity, etc., Co. *v.* State, ex rel.—40 Ind. App. 136.

The only reason assigned for a new trial, that is urged here, is that the court erred in the assessment of damages. It is claimed that $452 of the sum assessed by the court as damages is not properly chargeable against the surety, for the reason that it consisted of moneys that belonged to the ward's estate while in the hands of a former guardian, and which the former guardian converted to his own use, and which the guardian for whom appellant stood surety never received. It is shown by the evidence that prior to the appointment of William Britz as guardian of said Meyerhoff, Jr., his brother, Charles Britz, had been acting as such guardian, and that Charles Britz and William Britz were at the time engaged as copartners in the mercantile business; that Charles Britz used the funds of his ward in the business of the firm; that Charles Britz died sometime before the appointment of the appellant, William Britz, as guardian; that shortly before his death Charles Britz sold his interest in the partnership business to said William Britz, and that William Britz assumed to pay the money due from Charles Britz to his ward as a part of the purchase price of the partnership business; that thereafter William Britz was appointed guardian of said Myerhoff, and executed his bond with the appellant as surety thereon, and charged himself with the sum of $452.59, being the amount due from the former guardian to the estate of his ward, and which he had assumed to pay as aforesaid, but that he never actually separated the money thus due the ward from his own funds, and continued to keep and use the same in his private business. It is earnestly insisted that this state of facts fails to show a conversion of the ward's funds by the guardian. There is no merit in this contention. Where one is appointed guardian of a minor's estate, who at the time of assuming the trust is personally indebted to the same, it at once becomes his duty to pay the debt owing by him to the estate of the ward, to separate the amount of it from his own funds, and invest it for the use

3.

and benefit of the ward. It becomes chargeable to him· at once as that much cash, and his failure so to invest it is equivalent to a conversion of that amount of the ward's funds to his own use; and if he were not insolvent at the time of the appointment, the surety on his bond will become liable for the amount. *State, ex rel.,* v. *Gregory* (1889), 119 Ind. 503; *Black* v. *Kaiser* (1891), 91 Ky. 422, 16 S. W. 89; *Sargent* v. *Wallis* (1887), 67 Tex. 483, 3 S. W. 721; *Jay* v: *Martin* (1873), 49 Ala. 192; *Johnson* v. *Hicks* (1895), 97 Ky. 116, 30 S. W. 3; *Mattoon* v. *Cowing* (1859), 13 Gray 387; *McGill* v. *O'Connell* (1880), 33 N. J. Eq. 256; *Martin* v. *Davis* (1891), 80 Wis. 376, 50 N. W. 171.

Before the purchase by William Britz of his brother's interest in the partnership, he was liable to the estate of this ward for the amount of the ward's funds invested in the partnership business. Both partners were individually liable for all the debts of the firm, and William's assumption of this debt on his purchase of the business only made the debt the more binding upon him. On his assuming the trust he at once became chargeable with it as cash. The evidence clearly showing that he continued to use the money in his own business, was sufficient proof of a conversion of the funds, and rendered him and his surety liable on his bond for the entire amount, and for all the penalties prescribed by the law.

The judgment of the court below is affirmed.