112 So.2d 475

**Albert W. COPELAND, as Administrator ad litem,**

v.

**H. B. LOEB.**

**3 Div. 851.**

Supreme Court of Alabama.

May 28, 1959.

Hill, Robison & Belser, Montgomery, for appellant.

Hill, Hill, Whiting, Harris & Pilcher, Montgomery, for appellee.

SIMPSON, Justice.

The facts giving rise to this case, as disclosed by the pleadings, are as follows: In 1950 and 1951 W. D. Lowry, Jr. and H. B. Loeb executed two promissory notes

totaling $6,600 which were payable to Lowry's mother, Mrs. Lula Clyde Lowry. Mrs. Lowry died on February 27, 1953, at which time the notes were unpaid. Mrs. Lowry left a will naming her son, W. D. Lowry, Jr. as executor and making said Lowry a principal heir and legatee of her estate. On March 21, 1958 Lowry, as executor of the estate of Mrs. Lowry, filed the complaint in the instant case in the Circuit Court of Montgomery County seeking recovery on the aforesaid promissory notes and naming himself as party defendant along with the appellee, Loeb. Appellee filed a plea in abatement alleging that he was a resident of Escambia County and that plaintiff had wrongfully brought this suit in the county of his own residence and had wrongfully joined himself as party defendant in an effort to evade the venue requirements of Tit. 7, § 54, Alabama Code 1940. Thereafter Lowry filed an affidavit to the effect that Lowry, the party plaintiff, and Lowry, the party defendant, were one and the same person, but that plaintiff Lowry was suing in his capacity as executor of the estate of Lula Clyde Lowry, deceased. Based upon the affidavit, the trial court appointed appellant Copeland as administrator ad litem of the estate of Lula Clyde Lowry, deceased, and as substitute party plaintiff to represent the estate upon the hearing of this suit. Appellee then amended his plea in abatement to meet this new issue and appellant demurred. The trial court thereupon overruled the amended demurrer to the amended plea in abatement; appellant took a non-suit and has brought this appeal.

The single question presented for decision is whether or not Lowry, whose residence was made determinative of the venue of the action, is a bona fide defendant.

Section 54, Tit. 7, Alabama Code 1940 provides in part as follows:

"All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant or one of the defendants resides * * *."

Where there are several defendants and the residence of one is made determinative of the venue of the action, the complaint must state a cause of action against the said defendant; it must show that the resident defendant has an interest antagonistic to the plaintiff and the resident defendant must be a party against whom relief is sought. Ex parte Morton, 261 Ala. 581, 75 So.2d 500. The resident defendant must be a real and bona fide defendant whose interest in the result of the action is adverse to that of the plaintiff with respect to the cause of action against the other defendant. 56 Am.Jur., Venue, § 30; 92 C.J.S. Venue § 96.

It is a settled doctrine in this Court that when a debtor becomes executor of the estate of the creditor, his personal indebtedness to the estate is extinguished as a matter of law and is converted and transmuted for all practical purposes, from a chose in action into a chose in possession, and for which he is liable on final settlement of his administration. This rule obtains without regard to the solvency of the debtor so appointed or the duration of his administration. The fact that there is a dispute as to the existence of the indebtedness or the amount thereof does not oust the jurisdiction of the court in that one purpose of the settlement is to ascertain the assets for which the executor has become liable to account. The underlying reason supporting this rule is that the executor becomes both payor and payee; that is, the right to demand and the obligation to pay exist in the same person; the executor cannot sue himself and there is no process by which the executor can coerce a collection of himself. See Childress v. Childress, 3 Ala. 752; Purdom v. Tipton, 9 Ala. 914; Miller v. Irby's Adm'r, 63 Ala. 477; Wright v. Lang, 66 Ala. 389; Cook v. Cook, 69 Ala. 294; Arnold v. Arnold, 124 Ala. 550, 27 So. 465; Lindsey v. Lind-

sey, 229 Ala. 578, 158 So. 522; Faust v. Faust, 248 Ala. 660, 29 So.2d 133; Webb v. Webb, 250 Ala. 194, 33 So.2d 909; 8 A.L.R. 92.

█ The personal indebtedness of the executor to the testator-creditor whereby he might have otherwise been sued, was therefore extinguished. Thus the administrator ad litem could not maintain this action at law based upon Lowry's personal indebtedness. See Hodge v. Hodge, 90 Me. 505, 38 A. 535, 40 L.R.A. 33; Bassett v. Fidelity & Deposit Co., 184 Mass. 210, 68 N.E. 205; 21 Am.Jur., Executors & Administrators, § 194; 8 A.L.R. 92.

The administrator ad litem argues that inasmuch as he, rather than the executor, is bringing the action, the reason for the rule (that an executor cannot sue himself) falls and the rule (that the debt is extinguished) should not be applied.

The only relief afforded an administrator ad litem against an executor where the latter's interest is adverse to that of the estate is for the court to require the executor to charge himself on final settlement, as executor of the estate represented by the administrator ad litem with the money or property recovered of him by the administrator ad litem. Title 61, § 169, Alabama Code 1940.

Under the rule hereinabove enunciated, application of which is objected to by the administrator ad litem, where the debtor is the executor of the estate of his creditor, the debt is extinguished and the amount thereof is chargeable, by operation of law, to the executor. Arnold v. Arnold, supra. Thus it is clear that if the rule were not applied and the administrator ad litem were allowed to maintain this action against the executor, after a hearing thereon, the relief afforded for the benefit of the estate would be the same as that provided by the rule itself. We also observe that there is no process by which the executor could be required to have an administrator ad litem appointed for the purpose of recovering a debt owed the estate by the executor. See Childress v. Childress, supra.

The propriety, validity or necessity of the appointment of the administrator ad litem to represent the estate in this proceeding is not herein challenged and we refrain from passing thereon. It might be pertinent to observe, however, that the power to appoint an administrator ad litem should be exercised only in the case of necessity and this is true notwithstanding the fact that the interest of the executor is adverse to that of the estate. The unnecessary and often very considerable expense to the estate occasioned by such an appointment should not be incurred where the court in which the estate is being administered is competent to render complete justice. Ex parte Baker, 118 Ala. 185, 23 So. 996; Ex parte Riley, 247 Ala. 242, 23 So.2d 592.

We conclude, as heretofore stated, that the appellant, administrator ad litem, cannot maintain this action against defendant Lowry, the resident defendant. It follows that the action cannot be maintained in Montgomery County, the county of Lowry's residence, against Loeb, a non-resident of said county, and the trial court correctly sustained appellee's plea in abatement. Ex parte Morton, supra; 56 Am.Jur., Venue, § 30; 92 C.J.S. Venue § 96. Our decision is limited to this single issue.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.